UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                              :         Chapter 13

BENJAMIN SCHAFER                       :

    Debtor                                   :         Bankruptcy No. 05-15739F

..................................................

ORDER

..................................................

AND NOW, this 25th day of July 2005, upon motion of Linda Schafer for relief from the automatic stay, or alternatively for abstention or dismissal of this case, and for a declaration that any future state court judgments would be non-dischargeable,

And upon consideration of the debtor's answer in opposition thereto,

And after an evidentiary hearing, during which the standing chapter 13 trustee participated,

And the above-captioned chapter 13 case commenced on April 22, 2005,

And prior to March 21, 2003, the movant, Linda Schafer, commenced a divorce proceeding against the debtor in the Superior Court of New Jersey, Chancery Division, Gloucester County, docketed at FM-08-641-03.  Ex. A,

And in this divorce proceeding, Ms. Schafer sought a decree of divorce, as well as alimony and equitable division of marital property under New Jersey law,

And on March 21, 2003, the state court entered an order enjoining both parties from certain actions pending final resolution of the state court divorce proceeding. Ex. A,

And on March 13, 2004, the state court entered a consent order whereby this divorce proceeding was dismissed without prejudice, but "[t]he prior Orders and status quo in effect in the above matter shall remain in effect, and shall be considered as incorporated into any subsequent docket number." Ex. B,

And in April 2004, Ms. Schafer filed her second divorce complaint against the debtor, in the same New Jersey state court, and docketed at FM-08-814-04. Ex. C. This second complaint sought a decree of divorce, spousal support, equitable distribution of all marital property, and counsel fees. Id.,

And in June 2004, the debtor filed an answer and counterclaim to this divorce complaint. Ex. D. In this pleading, the debtor also sought a divorce decree, as well as a restraining order against the plaintiff, equitable distribution of the marital property, support and counsel fees. Id.,

And among the marital property at issue in this divorce action are two residential real properties, two boats (or the sale proceeds thereof), two cars, the debtor's interest in a Midas Muffler franchise, and the debtor's interest in a retirement account,

And on December 8, 2004, a case management order was entered by the state court. Among other issues, this management order established deadlines for discovery. Id.,

And the debtor asserts that he fully complied with all reasonable discovery requests. See generally Exs. D-1 through D-5. Ms. Schafer does not concur, and has filed a motion for sanctions against the debtor. That sanctions motion was pending when the debtor filed this voluntary chapter 13 bankruptcy petition,

And Ms. Schafer has now filed a motion seeking modification of the bankruptcy stay so that she may prosecute the divorce proceeding now pending in state court, including her request for alimony, support, equitable distribution, and counsel fees. Motion ("Wherefore clause").[1] Alternatively, Ms. Schafer requests that this court abstain in favor of the New Jersey state court "to render all decisions and afford all rights and remedies" in the matter of Schafer v. Schafer. As a second alternative, Ms. Schafer seeks dismissal of this bankruptcy case as filed in bad faith. Id.,

And in addition to this relief, Ms. Schafer also seeks a "finding . . . that any judgments entered hereafter by the [state court] create post-petition obligations that are not discharged in this bankruptcy case." Motion, Wherefore clause, ¶ c,

And the debtor's answer to the instant motion simply requests that all relief be denied. At the hearing, however, his counsel agreed, that the bankruptcy stay should be modified so that the state court could enter an appropriate divorce decree, as well as resolve the parties' dispute over alimony, support and counsel fees. The debtor remains opposed to the modification of the stay as to the equitable distribution claim. He wants that matter litigated in this bankruptcy forum,

And the debtor asserts that litigation of the equitable distribution issue in this federal court will allow the chapter 13 bankruptcy trustee to participate on behalf of his creditors and would be less expensive to the parties. Ms. Schafer contends that the debtor is simply dissatisfied with the New Jersey state court and is seeking another forum that he believes will be more favorable,

---

[1] The motion also refers to a desire to continue with custody litigation; however, from the testimony offered there appear to be no minor children and no pending custody disputes.

3

And turning first to Ms. Schafer's request for abstention, 11 U.S.C. § 305(a) empowers a court to abstain and thereby dismiss an entire bankruptcy case if the interests of creditors and debtor would be better served by such dismissal. Here, Ms. Schafer has offered no evidence that dismissal of the case would be beneficial to the debtor and his creditors. See generally In re Eastman, 188 B.R. 621, 624 (B.A.P. 9th Cir. 1995),

And 28 U.S.C. 1334(c) authorizes a bankruptcy court to abstain from hearing a particular adversary proceeding. In this instance, there is no proceeding between these parties presently before me from which I could abstain. Neither party has commenced any proceeding in this court to which the issue of abstention could attach. The only disputes between them now pending involve the instant motion, as well as Ms. Schafer's objection to confirmation, both of which lie within the exclusive jurisdiction of this court. See 11 U.S.C. §§ 362(d), 1325; see also Constitution Bank v. Tubbs, 68 F.3d 685, 691 (3d Cir. 1995) ("Relief from the stay can be granted only by the bankruptcy court having jurisdiction over a debtor's case."); Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1204 (3d Cir. 1991) ("Only the bankruptcy court with jurisdiction over a debtor's case has the authority to grant relief from the stay of judicial proceedings against the debtor."); In re Birting Fisheries, Inc., 300 B.R. 489, 501 (B.A.P. 9th Cir. 2003) ("[T]he bankruptcy court had exclusive jurisdiction to interpret and enforce its Plan and Confirmation Order"). Compare, e.g., Carver v. Carver, 954 F.2d 1573 (11th Cir.), cert. denied, 506 U.S. 986 (1992) (abstention issue relevant when debtor files an against his former wife and her attorney for violation of the stay under 11 U.S.C. § 362(h)). Moreover, no litigation has been removed from state court to this court pursuant to 28

U.S.C. § 1452 and Fed. R. Bankr. P. 9027 from which abstention or remand might be applicable,

>   Accordingly, it is hereby ordered that abstention is not appropriate,

>   And similarly, Ms. Schafer's request to a determination concerning the dischargeability of future rulings by the state court seeks an inappropriate advisory opinion. See generally Coffin v. Malvern Federal Sav. Bank, 90 F.3d 851 (3d Cir. 1996); In re Nelson, 234 B.R. 528, 538-39 (Bankr. M.D. Fla. 1999),

>   And that leaves Ms. Schafer's primary request to modify the automatic stay. The debtor does not oppose this relief except as it concerns the issue of equitable division of marital property,

>   And as a general principle, whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d)(1) is committed to bankruptcy court discretion, see Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982); In re Ingebrethsen, 1998 WL 351730, at *2 (E.D. Pa. 1998); In re Shariyf, 68 B.R. 604 (E.D. Pa. 1986), and is to be determined by examining the totality of the circumstances. Matter of Baptist Medical Center of New York, Inc., 52 B.R. 417, 425 (E.D.N.Y. 1985), aff'd, 781 F.2d 973 (2d Cir. 1986), _And, as noted by the Fourth Circuit Court of Appeals:

> > Congress, however, has granted broad discretion to bankruptcy courts to lift the automatic stay to permit enforcement of rights against property of the estate. . . . Because the Bankruptcy Code provides no definition of what constitutes "cause," the courts must determine when discretionary relief is appropriate on a case-by-case basis. . . . We will reverse a decision to lift the automatic stay "for cause" only when an abuse of discretion has occurred.

Claughton v. Mixson, 33 F.3d 4, 5 (4th Cir. 1994) (citations and statutory quotation omitted),

5

And when considering whether to terminate or modify the bankruptcy stay so that a state court may proceed with a determination of equitable distribution of marital property ancillary to a divorce proceeding, most bankruptcy courts will grant such relief. See, e.g., Roberge v. Buis, 95 F.3d 42 (Table), 1996 WL 482686 (4th Cir. 1996); Clayton v. Mixson; In re Robbins, 964 F.2d 342 (4th Cir. 1992); In re White, 851 F.2d 170, 174 (6th Cir. 1988); In re Cole, 202 B.R. 356, 362 (Bankr. S.D.N.Y. 1996); In re Moses, 194 B.R. 777, 780 (Bankr. E.D. Pa. 1996); In re Wilson, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988),

And such relief is usually granted because the legal issues involved in equitable distribution are solely matters of state law with which state court judges have far greater expertise. See, e.g., Matter of Hursa, 87 B.R. 313 (Bankr. D.N.J. 1988); Matter of Baker, 75 B.R. 120, 121 (Bankr. D. Del. 1987); Varela v. Varela, 343 N.J. Super. 395, 397 (2000); see also In re Perry, 131 B.R. 763, 770 (Bankr. D. Mass. 1991). Moreover, federal courts, as a matter of comity, generally conclude that "domestic relations matters . . . should properly be reserved to the state courts." In re Harrell, 754 F.2d 902, 907 (11th Cir. 1985); accord Thompson v. Thompson, 484 U.S. 174 (1988); Roberge v. Buis, 1996 WL 482686, at *2,

And, in addition to these factors, by the time the lift-stay motion arises in bankruptcy court, usually there have been one or more hearings in state court on the question of property division or some collateral issues. Congress has noted in connection with the legislative history surrounding termination of the bankruptcy stay for cause under section 362(d)(1) that:

> [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to

6

> the bankruptcy case will result, in order to leave the parties to
> their chosen forum and to relieve the bankruptcy court from
> many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50 (1978).

And based upon the above-quoted legislative history, courts have long concluded that it is within the sound discretion of the bankruptcy courts to grant relief from the automatic stay to defer to a non-bankruptcy forum which has jurisdiction over a dispute, and in which significant time and funds have already been expended. See, e.g., In re Robbins, 964 F.2d at 345-46; Matter of Holtkamp; In re Castlerock Properties, 781 F.2d 159, 163 (9th Cir. 1986); In re Olmstead, 608 F.2d 1365 (10th Cir. 1979); In re Hoffman, 33 B.R. 937 (Bankr. W.D. Okla. 1983); In re Philadelphia Athletic Club, Inc., 9 B.R. 280 (Bankr. E.D. Pa. 1981),

And in this contested matter, the evidence demonstrates: that the divorce action and its ancillary issues, including equitable distribution, have been pending in the state court system for some time; that the state court has greater familiarity with the facts and legal issues surrounding equitable distribution than does this court; that there was no proof that it would be less expensive to try the issue in this forum than in the state forum—indeed, it would be more economical to try the property division, alimony, support and counsel fees in one forum than in two; and that the standing chapter 13 trustee, at the conclusion of the hearing, supported Ms. Schafer's motion to modify the bankruptcy stay and have the equitable distribution dispute resolved in New Jersey state

court, where it is now pending.[2]  See generally In re Leonard, 231 B.R. 884, 889 (E.D. Pa. 1999):

> Among the factors which may be considered in determining whether a state court should be allowed to decide a domestic matter, are (1) whether the issues in the pending litigation involve only state law, so the expertise of the bankruptcy court is unnecessary; (2) whether modifying the stay will promote judicial economy and whether there would be greater interference with the bankruptcy case if the stay were not lifted because matters would have to be litigated in the bankruptcy court; and (3) whether the estate can be protected properly by a requirement that creditors seek enforcement of any judgment through the bankruptcy court.

Accordingly, it is hereby ordered that the automatic stay is modified so that Ms. and Mr. Schafer may exercise their non-bankruptcy law rights and prosecute their matrimonial litigation, docketed at FM-08-814-04 in New Jersey state court. Enforcement of any judgment regarding equitable distribution, however, remains stayed pending further order of this court.  See Roberge v. Buis, 1996 WL 482686, at *2.

_____
BRUCE FOX
United States Bankruptcy Judge

---

[2]Presumably, the trustee, if he so chooses, may participate in the state court proceeding on the issue of equitable distribution of marital property.  See Varela v. Varela.

copies to:

Mr. Benjamin Schafer
6551 Cottage Street
Philadelphia, PA 19135

Robert Neil Braverman, Esq.
Kasen, Kasen & Braverman
1845 Walnut Street, Suite 2500
Philadelphia, PA 19103

Steven R. Neuner Esq.
Neuner and Ventura LLP
750 Route 73 South, Suite 210
Marlton, NJ 08053

William C. Miller, Esq.
Chapter 13 Trustee
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106